as here, they failed to demonstrate the merit of the proposed amendment (*see, Fingerlakes Chiropractic v Maggio*, 269 AD2d 790, 791; *Ricci v New Era Cap Co.*, 224 AD2d 963). The submission of the franchise agreement and representative agreement was an insufficient "evidentiary showing that the claim can be supported" (*Cushman & Wakefield v John David, Inc.*, 25 AD2d 133, 135; *see, Mathiesen v Mead*, 168 AD2d 736, 737), and plaintiffs' only other submission in support of the motion was an affidavit of counsel, who had no personal knowledge of the underlying facts (*see, Bonanni v Straight Arrow Publs.*, 133 AD2d 585, 588). Nor did plaintiffs offer an explanation for their delay of over one year from the receipt of the documents upon which the proposed amendment is based or the approximately eight months since the note of issue had been filed and discovery completed (*see, Licameli v Roberts*, 277 AD2d 1057).

We further conclude that the court improvidently exercised its discretion in granting that part of plaintiffs' motion seeking to compel PTAC to respond to additional discovery after the note of issue had been filed. Plaintiffs failed to establish that "unusual or unanticipated circumstances develop[ed] subsequent to the filing of [the] note of issue and [statement] of readiness which require additional pretrial proceedings to prevent substantial prejudice" (22 NYCRR 202.21 [d]; *see, Marks v Morrison*, 275 AD2d 1027). "Furthermore, 22 NYCRR 202.21 (d) also requires that the unusual or unanticipated circumstances develop subsequent to the filing of the note of issue and [statement] of readiness" (*Marks v Morrison, supra*, at 1027). Here, plaintiffs had the franchise documents in their possession nearly five months before they filed the note of issue and statement of readiness, and over a year before they sought the additional discovery. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Amend Pleading.) Present— Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.

■ RICHARD L. ROGERS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 88940.) [719 NYS2d 916] —Judgment unanimously affirmed without costs for reasons stated in decision at Court of Claims, Lane, J. (*Rogers v State of New York*, 181 Misc 2d 683). (Appeal from Judgment of Court of Claims, Lane, J.—Unjust Imprisonment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.

■ In the Matter of CARLOS MOJICA, Appellant, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. (Appeal No. 1.) [719 NYS2d 916] —Judgment unanimously affirmed without costs for

reasons stated in decision at Supreme Court, Dadd, J. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.

■ In the Matter of CARLOS MOJICA, Appellant, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. (Appeal No. 2.) [719 NYS2d 916] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Wyoming County, Dadd, J.—Reargument.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.

■ PETER BURKARDT et al., Appellants, v VILLAGE OF WEBSTER et al., Respondents. (Appeal No. 1.) [719 NYS2d 917] —Appeal unanimously dismissed without costs. Same Memorandum as in *Town of Webster v Village of Webster* (280 AD2d 931 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Class Action.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.

■ TOWN OF WEBSTER et al., Appellants, v VILLAGE OF WEBSTER et al., Respondents. (Appeal No. 2.) [720 NYS2d 664] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This case involves a dispute between, *inter alia,* plaintiff Town of Webster (Town) and defendant Village of Webster (Village), regarding the water rates charged by the Village to certain Town residents. For years, the Village provided water to the Town for resale to Town residents. In 1987 the Village and Town entered into a contract (1987 contract) whereby the Village agreed to operate, maintain and repair the water delivery system of all water districts in the Town and to sell water to Town residents at the same rate charged to Village residents. The 1987 contract was for a term of 30 years, but was subject to renegotiation at five-year intervals. In 1996 the Village notified the Town that it wished to renegotiate the 1987 contract. Due to the failure of the parties to renegotiate material terms, including the rate to be charged to Town customers for their water consumption, the 1987 contract expired in 1997 (*see, Village of Webster v Monroe County Water Auth.,* 269 AD2d 781). The Village, however, continued to supply Town residents with water. In December 1997, when it became apparent to the Village that the Town planned to change its supplier of water to the Monroe County Water Authority, the Village Trustees adopted a resolution, effective